BOYLAN (RIGGS v.). See Case No. 11,822.

BOYLAN (UNITED STATES v.). See Case No. 14,634.

## Case No. 1,758.

### BOYLE v. ARLEDGE.

[Hempst. 620.][1]

Circuit Court, D. Arkansas. April Term, 1849.

LIMITATIONS—NON-RESIDENTS—RUNNING OF STATUTE—FEDERAL COURTS — FOLLOWING STATE DECISIONS—EVIDENCE—LOSS OF DOCUMENT — SECONDARY EVIDENCE.

1. The legislature of Arkansas, by repealing the saving in favor of non-residents, in effect enacts a limitation law as to them from the

[1] [Reported by Samuel H. Hempstead, Esq.]

14th of January, 1843, until which time there was no limitation against them whatever.

[See Lewis v. Broadwell, Case No. 8.319; Society v. Pawlet, 4 Pet. (29 U. S.) 480; Lewis v. Lewis, 7 How. (48 U. S.) 776.]

2. The cases of Dickerson v. Morrison, 1 Eng. [Ark.] 264; Watson v. Higgins, 2 Eng. [Ark.] 475; and Carneal v. Thompson, 4 Eng. [Ark.] 56,—cited and approved. Construction of the act of 14th of January, 1843 (Acts 1843, p. 57).

3. On a writing obligatory, a non-resident had five, and on a promissory note, three years to sue from the 14th of January, 1843.

4. The decisions of the state tribunals, on the construction of their statutes, are uniformly, and as a matter of principle, adopted by the federal tribunals, when passing on these statutes, or when they come under review.

5. These expositions are considered as a part of the law, and become a rule of property.

6. The affidavit of a party of the loss of a paper, and inability to find or produce it, after the use of due diligence, is sufficient to let in secondary evidence of the contents of such paper.

[See Allen v. Blunt, Case No. 217; Nicholls v. White, Id. 10,235; Tayloe v. Riggs, 1 Pet. (26 U. S.) 591.]

[At law. Action of debt by John Boyle against William G. Arledge. Defendant demurred to a replication to his plea, and the demurrer was overruled in part and sustained in part. Plaintiff entered a nolle prosequi as to the counts of the declaration as to which the demurrer to the replication had been sustained. The case was submitted on the issues formed on the remaining count, and plaintiff thereafter took a nonsuit.]

S. H. Hempstead, for plaintiff.

George C. Watkins and J. M. Curran, for defendant.

JOHNSON, District Judge. This is an action of debt, brought by the plaintiff on the 5th day of March, 1847; and in the first count of his declaration, he has declared upon a writing obligatory, executed to him by the defendant, payable on the 25th day of March, 1831; and in his second, third, and fourth counts, upon promissory notes made by the defendant to the plaintiff; the first payable on the 25th of March, 1833; the second on the 25th of March, 1834; and the third on the 25th of March, 1835. The defendant plead the statute of limitations, averring "that the cause of action in the first count stated did not accrue to the plaintiff at any time within five years next before the commencement of this suit; nor did either of the said several causes of action in the second, third, and fourth counts accrue to said plaintiff, at any time within three years next before the commencement of this suit." To this plea the plaintiff replied, that at the time when the several causes of action set out in his declaration accrued to him, he was a non-resident of the state of Arkansas, and from thence until the institution of this suit, continued to be. and was at its institution, a non-resident of the state of Arkansas.

To this replication the defendant filed a general demurrer.

The first inquiry is, whether the cause of action in the first count of the declaration, on the writing obligatory. is barred by the statute of limitations of this state? In the case of Watson v. Higgins, 2 Eng. [Ark.] 475, the supreme court of this state held, that previous to the 20th of March, 1839, when the Revised Statutes took effect, there was no statute of limitations of this state, applicable to writings obligatory; and on such causes of action then existing the statute of limitations commenced running from its passage; and in Dickerson v. Morrison, 1 Eng. [Ark.] 264, the same court held, that five years was the time fixed by the act as a bar to actions upon writings obligatory. According to these principles, the defendant's plea, that the cause of action had not accrued within five years next before the commencement of the suit, is a valid plea, and a good defence, if true, to the action, unless the plaintiff has brought himself within one of the exceptions contained in the 13th section of the limitation act. This, however, he has done, by replying that he was and continued to be, up to the commencement of the suit, a non-resident of this state. Rev. St. 528. But this 13th section of the statute of limitations was repealed by the act of the 14th of January, 1843 (Acts 1843, p. 57), and the inquiry arises as to the effect of this repealing statute.

In the case of Watson v. Higgins, before cited, the supreme court of this state have given a construction to the intent. meaning, and effect of this act. They use the following language: "This leads us to inquire into the effect of the repealing statute. Until the time of its passage, there was no limitation as to non-residents. Did the legislature, by repealing the saving in favor of non-residents, remit them back to the time when the Revised Statutes took effect? If such be the case. many causes of action existing at the time of the repealing statute were by that act barred instantly. Such consequences would have been exceedingly unjust, and were surely not designed by the legislature. We conceive that the true construction is, that the legislature, by repealing the saving in favor of non-residents, in effect enacted a limitation law applicable to non-residents; and which took effect from the date of its passage. Hence all causes of action.existing in favor of non-residents upon writings obligatory, on the 14th of January, 1843, had five years to run from that date." This doctrine is again affirmed by the same court, in the case of Carneal v. Thompson, 4 Eng. [Ark.] 56, in which the court says: "Previous to the act of the 14th of January, 1843, there was no limitation on causes of action belonging to non-residents. That act being simply a repeal of the exception in favor of non-residents, they had the same time after its passage, for the institution of their suits, as residents had, prior to its enactment,"

and cite the case of Watson v. Higgins, 2 Eng. [Ark.] 475.

This construction of the act of the 14th of January, 1843, is decisive of the question now under consideration. For as the action was commenced on the 5th of March, 1847, five years had not elapsed after the passage of the act of the 14th of January, 1843, within which time the plaintiff had a right to bring his suit upon the writing obligatory. I see no ground to dissent from the construction given to this act by the supreme court of this state; and I adopt it as a correct exposition of the statute. But if I thought it erroneous, still according to the repeated decisions of the supreme court of the United States, it is my duty to receive it as the true construction of the act. In the case of Green v. Neal, 6 Pet. [31 U. S.] 291, the supreme court of the United States say: "This court have uniformly adopted the decisions of the state tribunals respectively, in the construction of their statutes. This has been done as a matter of principle in all cases where the decision of a state court has become a rule of property. In a great majority of the causes brought before the federal tribunals, they are called on to enforce the laws of the states. The rights of parties are determined under these laws, and it would be a strange perversion of principle, if the judicial exposition of these laws by the state tribunals should be disregarded. These expositions constitute the law, and fix the rule of property. The decision of this question by the highest tribunal of a state should be considered as final by this court; not because the state tribunal, in such a case, has any power to bind this court, but because a fixed and received construction by a state in its own courts makes a part of the statute law." Thatcher v. Powell, 6 Wheat. [19 U. S.] 127; Elmendorf v. Taylor, 10 Wheat. [23 U. S.] 159, 160; Shelby v. Guy, 11 Wheat. [24 U. S.] 367; Jackson v. Chew, 12 Wheat. [25 U. S.] 162.

On the 14th of December, 1844, the legislature again passed an act concerning the limitation of actions. But it is manifest from its inspection, that it does not abridge the time allowed by the statutes then in force upon causes of action that had then accrued. On the contrary, it enlarged the time and gave to non-residents two years from the passage to bring their suits, although these suits were then actually barred by that or any other act of limitation then in force. Acts 1844, p. 24. Three years being the time limited in the Revised Statutes for bringing suit upon a promissory note, and this suit not having been brought within three years from the 14th of January, 1843, nor within two years from the 14th of December, 1844, the action, as far as respects the second, third, and fourth counts of the declaration, is barred. The replication to the plea to the first count, on the writing obligatory, must be overruled, and sustained to

the replication to the second, third, and fourth counts of the declaration founded on the promissory notes. Ordered accordingly.

The plaintiff entered a nolle prosequi to the second, third, and fourth counts, and the case was submitted on the issues formed on the first count of the declaration. One of the issues was, that the obligation was not lost, and to prove the affirmative of that issue, the plaintiff offered to read his affidavit, to show the loss of the obligation, and that he had used due diligence to find it, but without success, and that it was not in the possession, or under the control of S. H. Hempstead, his attorney; to the reading of which the defendant objected.

PER CURIAM. The doctrine is well settled by the supreme court of the United States, in the cases of Riggs v. Tayloe, 9 Wheat. [22 U. S.] 483, and Tayloe v. Riggs, 1 Pet. [26 U. S.] 591, that the affidavit of a party to a suit is competent and admissible, for the purpose of proving the loss of a paper, in order to let in secondary evidence of its contents. The same principle has been followed by the supreme court of Arkansas, in Kellogg v. Norris, 5 Eng. [Ark.] 18. And such is doubtless the prevailing rule on the subject. Davis v. Spooner, 3 Pick. 284; Donelson v. Taylor, 8 Pick. 390; McDowell v. Hall, 2 Bibb. 630; Hamit v. Lawrence, 2 A. K. Marsh. 366; Hart v. Strode, Id. 115. The proof of the loss is addressed to the court, and cannot go to the jury at all; and it therefore becomes in all cases a question for the court to decide, when the loss of a paper is sufficiently proved, so as to let in secondary evidence. A party by his own oath can do no more than prove the loss of the paper. The contents must be proved in a different manner. The affidavit in this case is sufficient to establish the loss, and is admissible for that purpose. The plaintiff took a nonsuit.